| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| XOCHI QUETZAL HAENA FLORES, | |
|---|---|
| Plaintiff, | Case No. C19-0352JLR |
| v. | **ORDER DISMISSING CASE WITH PREJUDICE AND STRIKING IFP APPLICATION** |
| DAVE NEEDY, Judge, | |
| Defendant. | |

Before the court is a *pro se* complaint filed by plaintiff, Xochi Quetzal Haena Flores, and an application to proceed *informa pauperis*. (Dkt. # 1.) The court must dismiss the complaint if it is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The complaint here alleges:

> Defendant Judge Needy ruled against the plaintiff at an ex-parte custody hearing on August 9, 2016, causing plaintiff to be deprived of her only biological child since that time without warning and without cause.

(Dkt. # 1 at 5.) The complaint further alleges Judge Needy's actions implicate the due process clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

ORDER DISMISSING CASE WITH PREJUDICE AND STRIKING
IFP APPLICATION - 1

(*Id.* at 3.) As relief, plaintiff seeks $299,000.00 in damages. (*Id.* at 5.) Given these allegations, the court concludes the complaint is brought pursuant to 42 U.S.C. § 1983, a statute which authorizes a private party, such as plaintiff, to bring a civil action in order to enforce federal constitutional rights against a state or local official acting under color of law.

Having reviewed the complaint, the court finds it is fatally deficient in that it fails to state a claim upon which relief may be granted; the court further finds that no amendment to the complaint can cure the deficiency, and the complaint should therefore be dismissed with prejudice.

The complaint is deficient because it names, Judge Needy, a defendant who is immune from liability. "To the extent that plaintiff seeks monetary damages, 'state judges are absolutely immune from liability for their judicial acts.'" *Lofthus v. Long Beach Veterans Hosp.*, 241 F. Supp. 3d 908, 913 (C.D. Cal. 2016) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334, (1983)). Judicial immunity applies when a plaintiff alleges the judge failed to comply with due process. *Stump v. Sparkman*, 435 U.S. 349, 355, 359-60 (1978). "Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). Here, Plaintiff sues Judge Needy for a hearing the judge conducted and a decision the judge issued on August 9, 2016, in regards to a custody matter. Plaintiff claims the judge's ruling against her was "bizarre" and "negligent." (Dkt. # 1 at 5.) These allegations, which focus on Judge Needy's decision, reaffirms that the actions complained of are within Judge Needy's jurisdiction, and that he is thus absolutely immune. The court accordingly ORDERS:

1. The complaint is DISMISSED with prejudice;

2. The Clerk is DIRECTED to strike the application to proceed *in forma paperis* (Dkt. # 1), as moot; and

3. The Clerk shall provide plaintiff with a copy of this order.

DATED this 12th day of March, 2019.

JAMES L. ROBART
United States District Judge

ORDER DISMISSING CASE WITH PREJUDICE AND STRIKING
IFP APPLICATION - 3